This is an action to recover damages for the alleged failure of the defendant to furnish two cars for the shipment of cattle from Otto, North Carolina, to Atlanta, Georgia, within the time called for in the *Page 705 
written order which the plaintiff gave the defendant for the cars. Plaintiff alleged that by the failure to furnish the cars on the 20th he was compelled to incur extra expenses and was damaged in the sum of $210. The defendant denied the allegations of the complaint, and by way of affirmative relief averred that the cars requested by the plaintiff of the defendant were to be used in an interstate shipment, and that therefore the plaintiff could not maintain this action, for that Congress had entered the field covered by the State statute and the common law, upon which the plaintiff's alleged cause of action is based, by the act to regulate commerce, of 4 February, 1887, and the amendments thereto of 29 June, 1906, and 18 June, 1910, and averred that said act as amended has superseded all State legislation and common-law remedies as to damages for delay in furnishing cars to be used in interstate shipments. The jury returned a verdict for the sum of $112 in favor (651) of the plaintiff, and from a judgment rendered in favor of the plaintiff, the defendant appealed.
The question of law involved is, Whether, this being admittedly an interstate shipment, the State court had jurisdiction to hear and determine the plaintiff's claim for damages for failure to furnish stock cars at the time ordered, or whether the plaintiff should have applied for relief to the Interstate Commerce Commission.
The question involved in this appeal has been decided against the defendant in two recent decisions of the Supreme Court of the United States, Penn, R. R. Co. v. Sonman Shaft Coal Co., decided 4 December, 1916, and Penn. R. R. Co. v. Stineman Coal Mining Co., decided 18 December, 1916.
In both cases the action was brought in the State courts to recover damages for failure to furnish cars to be used in interstate commerce, and the jurisdiction of the State courts was sustained and judgment recovered, although the same defense was relied on as in this action; and upon these authorities the judgment is affirmed.
No error. *Page 706